# IN THE UNITED STATES DISTRICT COURT
## FOR THE ___Eastern___ DISTRICT OF TEXAS
## ___Tyler___ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

___Jeffrey Johnson  1542009___
Plaintiff's name and ID Number

___Texas Department of Criminal Justice -___
Place of Confinement ___Institutional Division___

CASE NO: ___6:11cv 171___
(Clerk will assign the number)

v.

___Jesse  Arnold - In His Individual Capacity___
___2661 Fm 2054, Tennessee Colony, Texas___
Defendant's name and address ___75884___
___Samyul  M. Stickle - In His Individual Capacity___
___2661 Fm 2054, Tennessee Colony, Texas___
Defendant's name and address ___75884___
___Texas Department of Criminal Justice -___
___Institutional Division, P.O.Box 99___
Defendant's name and address ___Huntsville, Texas 77342-0099___
(DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

ATC 1983 (Rev. 04/06)

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I. PREVIOUS LAWSUITS:**

    A. Have you filed any other lawsuits in the state or federal court relating to imprisonment? _____ YES $\times$ _____ NO

    B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: *NONE*

        2. Parties to previous lawsuit:
           Plaintiff(s): *NONE*

           Defendant(s): *NONE*

        3. Court (If federal, name the district; if state, name the county) _____

        4. Docket Number: *NONE*

        5. Name of judge to whom case was assigned: *NONE*

        6. Disposition: (Was the case dismissed, appealed, still pending?)

           *NONE*

        7. Approximate date of disposition: *NONE*

**II. PLACE OF PRESENT CONFINEMENT:** *H.H. Coffield Unit of TDCJ-ID*

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? _X_ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: *Jeffrey Johnson #1542009*
*2661 Fm 2054, Coffield Unit, Tennesse Colony, Texas 75884*

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: *Jesse Arnold, correctional officer, H.H. Coffield Unit,*
*2661 Fm 2054, Tennessee Colony, Texas 75884*

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

*Acted under of state law, to deprive plaintiff of his Federally protected constitutional*

Defendant #2: *Samyul M. Stickle, correctional officer, H.H. Coffield Unit,*
*2661 Fm 2054, Tennessee Colony, Texas 75884*

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

*Acted under color of state law to deprive plaintiff of his Federally protected Constitutional Rights*

Defendant #3: *Texas Department of Criminal Justice - Institutional*
*Division, P.O. Box 99, Huntsville, Texas 75884*

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

*Negligent use of tangible property, Negligent failure to provide tangible property*

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

*Note! Please see cause of action*

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal argument or cite any cases of statutes.</u> If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

EXCESSIVE USE OF FORCE:   1. FACTUAL BACKGROUND

1.1 ON August 6, 2010 plaintiff JEFFREY Johnson had his ARM hanging out of his cells' Food slot gazing out over the Run. A Run is similar to a sidewalk design in Front of cells that simply provides a walk passage for correctional to walk down to conduct security checks, feeding, passing out necessities or for general walking. A food slot is a opening affixed to a cells' door with a latch and Flap for opening and closing for serving serving food trays through during feeding periods that requires a food slot bar to open. Food slots are also used for delivering inmates mail, necessities and linen — through. After each opening, food slots are normally closed (Continued)

## VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

Nominal Damages #1.00; Compensatory Damages # 3,000 for each day constituting an extended physical pain and suffering, Personal humiliation,

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

NONE

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

"THERE'S ANOTHER TDCJ-ID identification Number I Don't Remember"

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  X NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): NONE

2. Case Number: NONE

3. Approximate date sanctions were imposed: NONE

4. Have the sanctions been lifted or otherwise satisfied? N/A YES  N/A NO

4 OF 26

Relief Continued from page 4

Fear of loss of life resulting from dangerous/lethal levels of mace, loss of privileys, mental anguish, illegally denied post decontaminating procedures, injuries to the quality of my life resulting from degrading inhumane cell conditions. Against each defendants Arnold and stickle Jointly and severally.

3. Punitive Damages in the amount of $100,000 against each Defendants Arnold and stickle for their Wanton, willful, Reckless, or malicious conduct

4. $100,000 for each single person and $300,000 for each single occurrance for bodily injury. Against each defendants Arnold and stickle Jointly and severally for the mental anguish. Texas civil practice and remedies code sec. 101.023 Limitation on amount of Liability

5. Compensation through the rights of crime victims fund
Texas Constitution art 1 sec. 30

6. Compensation to victims of crime fund, auxiliary fund
Texas Constitution art 1 sec. 31

7. Texas civil practice and remedies code sec. 101.003 Remedies Additional
"The Remedies Authorized by this chapter are in addition to any other Legal Remedies"

8. A Jury trial on all issues triable by Jury

9. Plaintiff's costs in this suit

10. Any Additional Relief this court deems Just, proper, and Equitable

11. Pre and post Jodgemant interest until fully paid

Statement of Claim Continued From page 4

On the day in question his cells' Food slot was left open. At shift change defendant Arnold doing his Roster count and Security checks Approached plaintiffs' cell odering me to Remove my arm From the Food slot to allow closure. Seeing that he was not able to close the Food slot due to plaintiffs' arm in the way defendant Arnold left and Returned For a Second time.

Defendant Arnold Again gave plaintiff Johnson an order to Remove his arm From the Food slot And when plaintiff hesitated defendant Arnold removed From his hip a canister of chemical agent mace pointing the can in plaintiffs' Face. Defendant Arnold closed the Food slot without incident. While standing inside his cell behind a locked secured cell door posing no imminent threat of Bodily injury to himself or towards the defendant or anyone else, nor was plaintiff throwing objects or liquids From his cell, was not yelling obscenities, hollering or Rattling Bars defendant Arnold sprayed chemical agent mace through the Bar's directly into plaintiffs Johnson mouth. Plaintiff Johnson Ran to the Back of his cell to wash the mace From his mouth and Face in the cells' sink. As plaintiff Johnson was standing in the Back of his cell washing his Face defendant Arnold begin spraying chemical agent mace into plaintiffs' cell Emptying the Entire can. Plaintiffs' cell was Engulfed with chemical Fumes to a dangerous lethal level Restricting Air passages virtually causing his Lungs to Become none Functionable to near death Experience And was choking on his own mucus. Plaintiff Johnson was Removed From his cell to be Allowed to shower. After showering plaintiff was placed back in the same cell without it First Being decon- naminated. Inside the cell, plaintiffs' clothing, Boxer's, Socks, sheets, mattress, Floor, walls, And toilet was Soild with mace.

Statement of claim continued:

Plaintiff Johnson was not able to receive reissued clean clothing until the following Monday three (3) days later, and it wasn't until Tuesday four (4) days later he was issued clean sheets. Plaintiff Johnson was not given cleaning materials to self decontaminate his cell.

Although, plaintiff Johnson was given an exchange of clothing and linen materials through necessities, they too became soiled/contaminated from the presents of mace on the surfaces of his bunk, shelve's and floor where he had no choice but to lay these items down on or to recover the mattress with clean sheets. Plaintiff Johnson did not receive adequate warning to before the usuage of chemical agents. As a direct and proximate cause of defendant Arnold misuse of the mace plaintiff Johnson was damaged. Plaintiff Johnson compliance with post orders from defendant Arnold received inhumane treatment by being given on the spot punishment for his short term misbehavior was doused with mace to teach him a lesson and to deter this type of behavior in the future in violation of my due process rights under the Fourteenth Amendment of the United States constitution. Defendant stickle falsified his disciplinary reports. Defendant stickle who was present had a realistic change to stop the excessive use force and assault inflicted by defendant Arnold. Plaintiff Johnson rights were clearly established.

## 2. Heighten Pleadings

2.1  Defendant Arnold Acts were unprovoked, without legal justification with a reasonable belief of the lawfulness of his actions under the circumstances used exaggerated or excessive means to maintain discipline or to restore order of the institution was an unreasonable response to the institutions' legitimate security concerns when he ____

7  of  26

STATEMENT OF CLAIM CONTINUED:

INTENTIONALY INFLICTED UNNECESSARILY EXCESSIVE USE OF FORCE.

2.2  THE FORCE USED by DEFENDANT ARNOLD WAS NOT APPLIED IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE, THE OFFICER ACTS WERE MALICIOUSLY AND SADISTICALLY TO CAUSE HARM.

2.3  DEFENDANTS ARNOLD AND STICKLE DEPRIVED PLAINTIFF JOHNSON OF ADEQUATE CLOTHING AND SHELTER

2.4  DEFENDANTS ARNOLD AND STICKLE ACTED IN BAD-FAITH

2.5  DEFENDANTS ARNOLD AND STICKLE ACTED IN OBDURACY AND WANTONNESS

2.6  DEFENDANTS ARNOLD AND STICKLE Violated plaintiff JOHNSON Eighth AMENDMENT **Right to the United States Constitjon,** TEX. Constitution ART 1 SEC. 13, TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, AND TO BE FREE FROM THE UNNECESSARY AND WANTON INFLICTON OF PAIN.

2.7  DEFENDANTS ARNOLD AND STICKLE Violated plaintiff JOHNSON Fourth AMENDMENT Right to the United States Constitution AND TEX. Constitution ART 1 SEC. 9, TO BE SECURED IN his PERSON, AND IN Body Integrity

2.8  THE COURT HAS Jurisdiction OVER PLAINTIFF Constitutional AND FEDERAL LAW Violations PURSUANT TO 28 U.S.C. SEC. 1331(A)

2.9  THE COURT HAS Supplemental OR PENDENT Jurisdiction OVER STATE LAW CLAIMS PURSUANT TO 28 U.S.C. SEC. 1367(C)

2.10  DEFENDANTS ARNOLD AND STICKLE Violated plaintiff JOHNSON Fourteenth AMENDMENT Right to DUE PROCESS TO THE UNITED STATES Constitution AND Right to DUE COURSE OF LAW UNDER TEXAS Constitution ART 1 SEC. 13 AND ART 1 SEC. 19 NEGLIGENT IN TDCJ POLICIES

2.11  TEXAS DEPARTMENT OF CRIMINAL JUSTICE - Disciplinary Rules AND PROCEDURES FOR OFFENDERS Rule Book, REVISED April 2010 PAGE 1 A. Reporting INFRACTIONS: WHAN A TDCJ EMPLOYEE OR CONTRACT EMPLOYEE WITNESSES OR HAS

STATEMENT OF CLAIM CONTINUED:

KNOWLEDGE OF ANY Act by AN OFFENDER which is IN Violation of the Rules and Regulations of the CORRECTIONAL Institutional Division, the Employee First will Attempt, IF Appropriate, to Resolve the MATTER informally. Such informal resolution may include counseling, VERBAL Reprimand, or the giving of an instruction, WARNING or ORDER."

(1.) IF the incident cannot or may not be resolved informally by the observing Employee, he/she will bring the matter to the Attention of the Supervising Officer on duty....

2.12 "All reasonable steps shall be taken to PREVENT the necessity for the use of Force". Board policy 03.46 Standards for the use of Force

2.13 Board policy 03.46 Standards for the use of Force : "When no reasonable Alternative exists, only the minimum amount of Force necessary to control a situation shall be used."

2.14 Board policy 03.46 standards for the use of Force : "In no event shall any type of Force be used as a means of discipline or punishment".

2.15 Texas Department of Criminal Justice - Use of Force plan : "All Employees are expected to comply with the Requirements of All standards and procedures"

2.16 Texas Department of Criminal Justice - Use of Force plan : "Additionally, there are constitutional standards to evaluate whether Force was applied "maliciously and sadistically for the very purpose of causing harm" to an OFFENDER" citing Hudson v McMillian in the policy

2.17 Texas Department of Criminal Justice - Use of Force plan : "This means that Employees are also subject to being charged criminally and/or held civilly liable in state and/or Federal court.

9. OF 26

Statement of Claim continued:

2.18  Texas Department of Criminal Justice - Use of Force Plan:
"The plan is designed to prevent unnecessary or excessive uses of force"

2.19  Texas Department of Criminal Justice - Use of Force plan:
By standard institutional Definitions "unnecessary Force" is when none is required or appropriate

2.20  Texas Department of Criminal Justice - Use of Force plan:
"It is the policy of the Agency that Force shall be used only when necessary and only to the extent necessary to gain compliance.

2.21  Texas Department of Criminal Justice - Use of Force plan:
General Guidelines to be observed prior to implementing Force:
1. Every effort should be made to anticipate and defuse in advance those situations, which might give rise to conflict, confrontation and violence
2. When possible, plan strategy in advance, provisions should be considered to document an entire incident, including efforts by staff to reason with an offender, using video equipment when possible, provisions should be made for the directions of the incident by a supervisor not physically involved in the incident.
3. All reasonable actions should be taken to stabilize the situation. Reasonable actions should progressively include, where possible:
A. listening
B. Attempting to calm or reason with the offender
C. Explaining the consequence of the offender's behavior.
D. Notifying the supervisor
E. Requesting video camera and operator
F. Securing the area where the offender is located
G. Requesting additional staff; and
H. by staff presence, making a visible show of force.

2.22  Texas Department of Criminal Justice - Use Force plan:
"If lessor means have proven ineffective, chemical agents may be used to gain compliance from an offender who refuses to obey a lawful order.

Statement of claim continued:

2.23  The Department of Criminal Justice-use of force plan:
"Chemical agents used shall be the minimum amount necessary to gain compliance".

2.24  The Department of criminal Justice-use of force plan:
"OC [oleoresin capsicum] mace, cause acute burning and closing of eyes, along with inflamation of mucus membranes and upper respiratory system", tears, sneezing, skin irritations, coughing, irritation of nose and throat sinus and nasal drip, tightness in chest, difficulty in breathing, and burning and pain in eyes that prevents their opening.

2.25  Texas Department of criminal Justice-use of force plan:
"After chemical agents have been used and the situation has been brought under control, individuals and the area affected by the chemical agents shall be decontaminated as soon as possible. All affected individuals shall be properly decontaminated and offered a change of clothing.

2.26  Texas Department of criminal Justice-use of force plan:
"Decontamination of individuals should be given one percent solution of sodium bicarbonate, Ethylene glycol or five (5) percent solution of sodium bisulfate, rinsed with water, and a steroid or antihistamine ointment applied".

2.27  Texas Department of criminal Justice-use of force plan:
"Decontamination of affected surfaces are to be washed with a five (5) percent solution of sodium hydroxide in equal portions of ethanol and water, and then rinsed with clear water.

2.28  Texas Department of criminal justice, PD 22 General Rules of conduct, policy:
"Employees are representatives of the TDCJ and are expected to adhere to the highest standards of conduct while on duty, including adherence to the rules of conduct. Hereafter PD 22 Rule....

Statement of Claim Continued:

2.29  Reckless Endangerment: Life Endangerment, committing or threatening to commit an act while at the workplace that endangers the life of another individual. PD 22 Rule 5A.

2.30  Substandard Duty Performance: An Employee shall perform duties in a manner that meets or exceeds the minimum standards established for the Employee's position.

2.31  Falsification of Records: An Employee is required to maintain and submit truthful, accurate and complete records as required by the Agency. PD 22 Rule 10 and Texas Penal Code 38.10 b

2.32  Failure to obey a proper order from an Authority: An Employee shall promptly obey any proper order issued by an Authority. A proper order is any verbal or written order issued directly to an Employee by or through the Employee's chain of Supervision in connection with a work related issue that is in the best interest of the Agency. PD 22 Rule 13.

2.33  Violation of statutory Authority/court order/Rules/Regulations/policies: It is the Employee's Responsibility to know, have a clear understanding of and comply with Rules, Regulations, policies, court orders and statutory Authority governing the operations of the Agency. Not being aware of the existence of any aforementioned is not a defense for violation of the same. PD 22 Rule 20

2.34  Harassing or Retaliation Against another individual: Mistreatment of offenders. Mistreatment usually takes the form of physical abuse, but it may also include, but not be limited to such actions as threats or unauthorized illegal denial of privileges or entitlements.

2.35  Use of Excessive/unnecessary Force: Existing policies and procedures shall govern the use of Force to control a situation or to gain compliance with legal orders. Only the minimum amount of Force applied in compliance with Existing policies and necessary to achieve the desired results shall be employed. The use of Force to intimidate, coerce, punish or for the purpose of Revenge is prohibited. PD 22 Rule 29

12 of 26

Statement of Claim Continued:

2.36 Aggravated use of Excessive Force provisions: Aggravated is defined as conduct indicating a deliberate act, without just cause of provocation, on the part of an employee who:

1. use Excessive Force

2. Conspires/conspires with another employee who uses Excessive Force (conspiring may include, but is not limited to, the participation in or observation of the use of Excessive Force or having prior knowledge of an imminent use of Excessive Force). PD 22 Rule 25h

2.37 Misconduct: An Employee is prohibited from engaging in any activity that would have an adverse impact upon the integrity or productivity of the employee or the agency. PD 22 Rule 37

Negligence per se

2.38 Texas Penal Code sec. 8.03 mistake of law
(a) It is no defense to prosecution that the action was ignorant of the provisions of any law after the law has taken effect.

2.39 Texas Penal Code sec. 6.04 causation: Conduct and Results
(a) A person is criminally responsible if the result would not have occurred, but for his conduct operating either alone or concurrently with another cause unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

2.40 Texas Penal Code sec. 6.02 Requirement of Culpability
(a) Except as provided in subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.
(d) culpable mental states are classified according to relative degrees from highest to lowest as follows:
(1) Intentional
(2) Knowing
(3) Reckless
(4) Criminal Negligence

STATEMENT OF CLAIM CONTINUED

(C) If the Definition of an Offense does not prescribe a culpable mental state, but one is nevertheless required under subsection (b) intent, knowledge, or recklessness suffices to establish criminal responsibility

2.41   Texas Penal code sec. 6.03 Definitions of culpable mental state
(A) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result

(B) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

(C) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of But consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

2.42   Texas Penal Code sec. 6.01 Requirement of voluntary act or omission
(A) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession

2.43   Texas Penal Code sec. 7.02 criminal responsibility for conduct of another
(A) A person is criminally responsible for an offense committed by the conduct of another if:
(1) Acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
(2) Acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

14 of 26

STATEMENT OF CLAIM CONTINUED

(3) having a legal duty to prevent commission of the offense and acting with to promote or assist its commission, he fails to make a resonable effort to prevent commission of the offense

(b) If, in the attempt to carry out a conspiracy to commit one felony another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

2,44    Texas penal code sec. 15.02 criminal conspiracy

(A) A person commits criminal conspiracy if, with intent that a felony be committed:

(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense

(2) he or one or more of them perform an overt act in pursuance of the agreement

(3) An agreement constituting a conspiracy may be inferred from acts of the parties

2,45    Texas penal code sec. 22.01 Assault

(A) A person commits an offense if the person

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative

2,46    Texas penal code sec. 6.03 Definitions of culpable mental state

(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise

STATEMENT OF CLAIM Continued

2.47 TEXAS PENAL CODE SEC. 39.03 OFFICIAL OPPRESSION
(A) A public SERVANT ACTing UNDER COLOR OF his OFFICE OR Employment Commits AN OFFENSE IF he:
(1) intentionally subjects Another to mistreatment or to ARREST, detention, SEARCH, SEIZURE, dispossession, ASSESSMENT, or lien that he knows is unlawful,
(2) intentionally denies or impedes Another in the EXERCISE OR Enjoyment of ANY Right, privilege, power, or immunity, knowing his Conduct is unlawful

2.48 TEXAS PENAL CODE SEC. 39.04 VIOLATIONS OF THE Civil Rights OF PERSON IN custody
(A) AN OFFICIAL OF A CORRECTIONAL FACILITY, A PERSON OTHER THAN AN Employee OF A CORRECTIONAL FACILITY, A PERSON OTHER THAN AN Employee WHO WORKS FOR COMPENSATION At A CORRECTIONAL FACILITY, A Volunteer At A CORRECTIONAL FACILITY, OR A PEACE OFFICER COMMITS AN OFFENSE IF the PERSON intentionally
(1) Denies or impedes A PERSON in custody in the EXERCISE or Enjoyment of ANY Right, privilege, or immunity KNOWing his Conduct is unlawful

2.49 TEXAS PENAL CODE SEC. 42.07 HARASSMENT
(a) A PERSON commits AN OFFENSE IF, with intent to harass, Annoy, Alarm, Abuse, torment, or Embarrass Another

2.50 TEXAS CODE OF CRIMINAL PROCEDURE ART 1.04 Due Course of Law
"NO CITIZEN OF this state shall be Deprived of life, liberty, property PRIVILEGES OR immunities, OR IN ANY MANNER DisFRANCHISED, Except by the Due Course of the law of the land.

Negligence

2.51 DEFENDANTS ARNold AND Stickle ARE Employees of the TEXAS DEPARTMENT OF CRIMINAL Justice — Institutional Division Acting within their Scope OF Employment owed JEFFREY Johnson A legal duty to conForm to A specific standard of Conduct FOR the protection of JEFFREY Johnson Against An UNREASONABLE Risk of injury or harm AND to provide A REASONABLE level of CARE,

STATEMENT OF CLAIM CONTINUED

DEFENDANTS ARNOLD AND STICKLE HAD EXPLICIT LEGAL INSTITUTIONAL AND STATUTORY GUIDEPOSTS TO FOLLOW WHEN DISCHARGING THEIR DUTIES AND WERE OR SHOULD HAVE BEEN AWARE OF FIRMLY ESTABLISHED DUTY TO ENSURE THAT LEGITIMATE INSTRUMENTS OF CONTROL WERE NOT MISUSED. JEFFREY JOHNSON IS WITHIN A CLASS OF PERSONS UNDER THE PROTECTION OF STATUTES AND POLICIES CLEARLY DEFINING THE REQUIRED CONDUCT DESIGNED TO PREVENT DEFENDANTS ARNOLD AND STICKLE WRONGFUL ACTS OR OMISSIONS OR THE NEGLIGENCE THAT CAUSED DAMAGES OR INJURY TO JEFFREY JOHNSON.

DEFENDANTS ARNOLD AND STICKLE BREACHED THEIR DUTIES BY

1. FAILURE TO BRING TO THE ATTENTION OF THE SUPERVISING OFFICER BEFORE THE USE OF CHEMICAL AGENT MACE

2. FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT THE NECESSITY FOR THE USE OF FORCE

3. FAILURE TO ENFORCE SAFETY RULES

4. FAILURE TO USE THE MINIMUM AMOUNT OF FORCE NECESSARY TO CONTROL A SITUATION

5. USED FORCE AS A MEANS OF DISCIPLINE OR PUNISHMENT

6. APPLIED FORCE MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE TO CAUSE HARM

7. DEPRIVED JEFFREY JOHNSON OF ADEQUATE SHELTER AND CLOTHING

8. WAS DELIBERATE AND INDIFFERENT TO JEFFREY JOHNSON HEALTH, SAFETY OR SERIOUS MEDICAL NEED

9. CREATED UNSAFE CONDITIONS OF CONFINEMENT

10. FAILURE TO PROVIDE HUMANE CONDITIONS OF CONFINEMENT

11. KNEW THAT JEFFREY JOHNSON FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT.

12. FAILURE TO TAKE REASONABLE MEASURES TO GUARANTEE THE SAFETY OF JEFFREY JOHNSON

13. EGREGIOUS EXAGGERATED EXCESSIVE USE OF FORCE

14. FAILURE TO REQUEST VIDEO CAMERA AND OPERATOR

15. FAILURE TO DECONTAMINATE JEFFREY JOHNSON WITH ONE PERCENT SOLUTION OF SODIUM BICARBONATE, ETHYLENE GLYCOL OR FIVE (5) PERCENT SOLUTION OF SODIUM BISULFATE AND A STEROID OR ANTIHISTAMINE OINTMENT

STATEMENT OF CLAIM CONTINUED

16. FAILURE to DECONTAMINATE JEFFREY Johnson CELL AND the AFFECTED SURFACES with FIVE (5) PERCENT solution of sodium hydroxide in EQUAL portions OF Ethanol and WATER, and then Rinsed with CLEAR WATER

17. FAILURE to Adhere to the highest STANDARD of conduct while on duty; Including Adherence to the Rules of Conduct

18. FAILURE to perform duties in A manner that meets or exceeds the minimum STANDARDS Established FOR ARNOLD and Stickle positions

19. FAILURE to submit truthful, Accurate and complete Records As Required by the AGENCY

20. FAILURE to obey written ORDER in Connection with A work Related issue that is in the best interest of the AGENCY

21. FAILURE to know, have A CLEAR understanding OF AND Comply with Rules, Regulations, policies, court orders and statutory Authority governing the OPERATION's of the AGENCY

22. WRONGFUL mistreatment and Abuse OF JEFFREY Johnson

23. NEGLIGENT USE OF TANGIBLE property OF TDCJ-ID.

24. NEGLIGENT implementation of TEXAS BOARD OF CRIMINAL Justice AND TEXAS DEPARTMENT OF CRIMINAL Justice policies

25. THE BREACH of duty by DEFENDANTS ARNOLD and Stickle Both public servants Acting under color of their Employment FOR A Correctional Facility under the TEXAS DEPARTMENT OF CRIMINAL Justice - Institutional Division WRONGFULLY Denied JEFFREY Johnson, A person in Custody, in the EXERCISE or ENJOYMENT of his statutory And Constitutional rights Which their Conduct was Unreasonable in light of the legal Rules, statutory and Constitutional rights were clearly established At the time of the Incident, which A reasonable person would have known. The wrongful or the misuse of departmental property to Achieve an intended purpose of punishing JEFFREY Johnson with dousing him with mace that Constitute Assault thereby Recklessly Caving Bodily to JEFFREY Johnson Knowingly caused A physical Contact with mace when ARNOLD AND Stickle Knew or should have known or should Reasonable Believe that JEFFREY Johnson would have Regard

STATEMENT OF CLAIM CONTINUED

the CONTACT AS OFFENSIVE OR PROVOCATIVE, DEFENDANT ARNOLD
AND STICKLE KNEW that THEIR ACTS OR CONDUCT WERE UNLAWFUL,
BUT USED THEIR POSITION TO MISTREAT JEFFREY JOHNSON, WHICH
CONSTITUTE ABUSE OF POWER. AS A PROXIMATE CAUSE IN FACT
OF JEFFREY JOHNSON PERSONAL INJURY OR HARM, VIOLATION OF
HIS CONSTITUTIONAL RIGHTS RESULTED FROM SUFFERING IN PAIN
FROM THE BURNING OF HIS SKIN FOR SEVERAL DAY'S THROUGH THE
MISUSE OF MACE AND FAILURE TO PROVIDE HIM PROPER DECONTAM-
INATION SOLUTIONS TO EFFECTIVELY REMOVE MACE STUCK TO HIS BODY
AND THE SURFACES OF HIS PRISON CELL. DEFENDANTS ARNOLD,
STICKLE AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE —
INSTITUTIONAL DIVISION ARE LIABLE FOR ALL FORESEEABLE HARMFUL
RESULTS THAT ARE THE NORMAL RESULTS OF EMPLOYEE'S acts UNEXCUSED
VIOLATION'S

GROSS NEGLIGENCE

2.52   IN THE ALTERNATIVE, THE NEGLIGENCE OF THE DEFENDANTS ARNOLD
AND STICKLE DESCRIBED ABOVE WAS SUCH A CHARACTER AS TO MAKE
THEM GUILTY OF GROSS NEGLIGENCE. THE CONDUCT OF DEFENDANTS ARNOLD
AND STICKLE VIEWED OBJECTIVELY FROM THE STANDPOINT OF THE
DEFENDANTS AT THE TIME OF ITS OCCURRENCE, INVOLVED AN EXTREME
DEGREE OF RISK, CONSIDERING THE evidence PROBABILITY AND THE
MAGNITUDE OF POTENTIAL HARM TO JEFFREY JOHNSON. MOREOVER,
THE DEFENDANTS ENGAGED IN THE CONDUCT WITH CONSCIOUS INDIFFERENCE
TO THE RIGHTS, SAFETY, HEALTH, PRIVILEGES, OR welfare WELFARE OF
JEFFREY JOHNSON DESPITE THE ACTUAL, SUBJECTIVE AWARENESS OF THE
RISK INVOLVED. BASED ON SAID CONDUCT OF DEFENDANTS ACTS WERE WITH
CULPABLE MENTAL STATUTORY AWARE, WILFUL, ILL WILL, WITH MALICE, IN
BAD-FAITH OR RECKLESS DISREGARD OR WRONGFUL, PLAINTIFF SEEKS PUNITIVE
DAMAGES IN AN AMOUNT THAT MAY BE FOUND TO BE PROPER UNDER THE
FACTS AND CIRCUMSTANCES.

ASSAULT AND BATTERY

2.53   IN ADDITION TO, OR IN THE ALTERNATIVE TO, THE ACTS OF NEGLIGENCE
ABOVE, THE DEFENDANTS ON OR ABOUT AUGUST 6, 2010, CAUSED JEFFREY
JOHNSON TO EXPERIENCE A SEVERE PHYSICAL INJURY WHILE THE DEFENDANT
WRONGFULLY, KNOWINGLY, AND RECKLESSLY CAUSED BODILY INJURY TO
JEFFREY JOHNSON.

Statement of Claim Continued

Corporal Punishment

2.54 Defendants Arnold and Stickle unlawful and unjustified acts or omissions in use of force by administering chemical agent mace spraying directly into Jeffrey Johnson face and then further engulfing his cell with mace as punishment in retaliation for failing to obey an order occurring some time earlier to teach his a lesson, was not an good-faith effort to maintain or restore institutional order but instead was a motive for maliciously assaulting Jeffrey Johnson for the very purpose of causing harm in violations of the Eighth and Fourteenth Amendments to the United States Constitution and Texas Constitution Art 1 Sec 13 and Art 1 Sec. 19.

2.55 In no event shall any type of force be used as a means of discipline or punishment, per Board policy 03.46

Failure to stop other officials' Excessive Force

2.56 Defendant Stickle who was assigned to work on L-wing to work with Arnold, where the incident occurred, was present and had a realistic opportunity to stop Defendant Arnold misuse of the mace being applied maliciously against Jeffrey Johnson, but stood by and watched

2.57 Defendant Stickle had a duty to intervene and stop the excessive force in violation of the Eighth Amendment to the United States Constitution and Texas Constitution Art 1 Sec 13 and Art 1 Sec. 19

2.58 Defendant Stickle failed to bring the matter to the attention of the supervising officer on duty to defuse the situation

Conspiracy

2.59 Defendant Stickle knew 'Arnold' was about to unjustly use chemical agent mace against Jeffrey Johnson due to the time lapse between the first attempt to close the food slot and initially returning a second time, when in fact Defendants Stickle and Arnold cohoots with each other in the dayroom to devise a plan to cover and conceal their true purposes to justify their

Statement of Claim Continued

Actions, which Also defendant stickle Falsified his disciplinary offense reports Against Jeffrey Johnson to Reflect he was the one to have Assault defendant Arnold.

2.60  Conspiraces / conspires with Another Employee who uses Excessive Force ( conspiring may include, but is not limited to, the participation in or observation of the use of Excessive Force or having prior knowledge of An imminent use of Excessive Force). P.D 22 Rule 23h

Liability

2.61  Plaintiff's injuries were caused by independants Acts, omissions, of Arnold and stickle voluntary Engaged in the conduct mentioned Above herein with the culpable mental state knowingly what they were doing to Jeffrey Johnson making them criminally Responsible For Each other Acts, Actions or inActions, Are Bound by policies And statutory law imposing a Duty upon them to provide humane conditions of confinement But choose to be deliberte And conscious indifference to Jeffrey Johnson Rights, Health And Safety. Defendants is liable For Plaintiffs' injuries and plaintiffs' damages

Governmental Unit liability

2.62  Texas Civil practice and remedies code Sec. 101.021 Governmental Liability.

A governmental unit in the state is liable For :
(1) property Damage, personal injury, And Death proximately caused by the wrongful Act or omission or negligence of an Employee Acting within his scope of Employment if :
(B) the Employee would be personally liable to the claimant According to Texas law; and
(2) personal injury and Death so caused by a condition or use of tangible personal or Real property if the governmental unit would, were if a private person, be liable to the claimant According to Texas Law.

STATEMENT OF CLAIM CONTINUED

2.63   TEXAS CIVIL PRACTICE AND REMEDIES CODE SEC. 101.025 WAIVER
OF GOVERNMENTAL IMMUNITY, PERMISSION TO SUE
(A) SOVEREIGN IMMUNITY TO SUIT IS WAIVED AND ABOLISHED TO THE
EXTENT OF LIABILITY CREATED BY THIS CHAPTER
(B) THE EMPLOYEE WOULD BE PERSONALLY LIABLE TO THE CLAIMANT ACCORDING
TO TEXAS LAW.

2.64   TEXAS CIVIL PRACTICE AND REMEDIES CODE SEC. 101.002 SHORT TITLE
THIS CHAPTER MAY BE CITED AS THE TEXAS TORT CLAIMS ACT

2.65   TEXAS CIVIL PRACTICE AND REMEDIES CODE SEC. 107.002 EFFECT OF
GRANT OF PERMISSION :
(A) A RESOLUTION THAT GRANTS A PERSON PERMISSION TO SUE THE STATE
HAS THE FOLLOWING EFFECT AND THE PERMISSION IS GRANTED TO
THE FOLLOWING CONDITIONS:
(1) THE CLAIMANT MAY SUE FOR ANY RELIEF TO WHICH THE CLAIMANT IS
ENTITLED AS A RESULT OF THE DESCRIBED CLAIM,

3. CAUSE OF ACTION

3.1   PLAINTIFF SUPPORT THE FOLLOWING CLAIMS BY REFERENCE TO THE
PREVIOUS PARAGRAPHS OF THIS COMPLAINT

COUNT I

3.2   DEFENDANT JESSE ARNOLD DEPRIVED JEFFREY JOHNSON OF HIS
FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS

3.3   DEFENDANT JESSE ARNOLD WHO HAS DEPRIVED JEFFREY JOHNSON
OF HIS FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS ACTED UNDER
COLOR OF STATE OR TERRITORIAL LAW

COUNT II

3.4   DEFENDANT SAMYUL M. STICKLE DEPRIVED JEFFREY JOHNSON OF HIS
FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS

3.5   DEFENDANT SAMYUL M. STICKLE WHO HAS DEPRIVED JEFFREY JOHNSON
OF HIS FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS ACTED UNDER
COLOR OF STATE OR TERRITORIAL LAW

CAUSE OF ACTION - continued

## COUNT III

3.6 DEFENDANT JESSE ARNOLD Acts or omissions used unnecessarily Excessive use of force against plaintiff Jeffrey Johnson in violation of his right to be free from cruel and unusual punishment and right to be free from unnecessary wanton infliction of pain in violation of the Eighth Amendment to the United States Constitution, Texas Constitution ART 1 sec 13, and Due process under the fourteenth Amendment to the United states Constitution And Texas Constitution ART 1 sec 19

## COUNT IV

3.7 DEFENDANT JESSE ARNOLD Acts or omission was deliberate indifference to a medical need, unsafe conditions, and to the Health and safety of plaintiff Jeffrey Johnson in violation of his right to reasonable adequate medical care, Right to Adequate shelter and clothing in violation of his right to be free from cruel and unusual punishment clause of the Eighth Amendment to the United states Constitution, Texas Constitution ART 1 sec 13, Due process clause of the fourteenth Amendment to the United States Constitution and Texas Constitution ART 1 sec. 19

## COUNT V

3.8 DEFENDANT SAMUEL M. stickle Acts or omissions of Failure to intervene in the ongoing assault against plaintiff Jeffrey Johnson Amounted to deliberate indifference in violation of Plaintiffs' Rights to be free from cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution Texas Constitution ART 1 sec 13, the Due process clause of the fourteenth Amendment to the United states Constitution and Texas Constitution

## COUNT VI

3.9 DEFENDANT JESSE ARNOLD Acts or omissions of Intentional infliction of physical pain, violated Plaintiff Jeffrey Johnson Right to be free from unnecessary And wanton infliction of pain in violation of the Eighth Amendment to the United States Constitution, Texas Constitution ART 1 sec 13, in violation of the Due process clause to the United states Constitution and Texas Constitution ART 1 sec 19

CAUSE OF ACTION : continued

Count VII

3.10 Defendant Samyul M. Stickle Acts or Omissions, conspired with defendant Jesse Arnold for the purpose of depriving plaintiff Jeffrey Johnson the equal protection of the Laws or equal privileges in violation of the fourteenth amendment to the United States Constitution, and Texas Constitution Art I sec. 3 and Title 42 U.S.C.A. Sec. 1985 (3)

Count VIII

3.11 Defendants Jesse Arnold and Samyul M. Stickle Employee's Acting within their scope of Employment for the Texas Department of criminal justice - Institutional Division, caused plaintiff Jeffrey Johnson to suffer a continuous physical pain proximately caused by the negligent failure to furnish " one percent solution of sodium bicarbonate, ethylene glycol or five (5) percent solution of sodium bisulfate and a steroid or antihistamine ointment to defendant Jeffrey Johnson, is tangible personal property used to decontaminate prisoner's after the usage of chemical Agents

Count IX

3.12 Defendants Jesse Arnold and Samyul M. Stickle, Employees Acting within their scope of Employment for the Texas Department of criminal justice - Institutional Division caused A continuous continuous physical person injury to plaintiff Jeffrey Johnson, Approximately caused by the negligent failure to furnish A five (5) percent solution of sodium hydroxide in Equal portions of Ethanol is tangible personal property used to decontaminate Affected surfaces in prisoner's living area's.

Count X

3.13 Defendants Jesse Arnold and Samyul M. Stickle, Employees Acting within their scope of Employment for the Texas Department of criminal justice - Institutional Division caused A personal injury to plaintiff Jeffrey Johnson Approximately caused by A condition of A prison cell used as A chemical torture chamber that plaintiff was placed in, is real property

CAUSE OF ACTION CONTINUED

## COUNT XI

3.14  DEFENDANTS ARNOLD AND STICKLE ACTING AS EMPLOYEES WITHIN THEIR SCOPE OF EMPLOYMENT FOR THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, CAUSED A PERSONAL INJURY TO JEFFREY JOHNSON APPROXIMATELY CAUSED BY THE WRONGFUL ASSAULT, VIOLATED HIS Constitutional RIGHT TO BE LEFT ALONE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND TEXAS CONSTITUTION ART 1 SEC 9

## COUNT XII

3.15  DEFENDANTS ARNOLD AND STICKLE ACTING AS EMPLOYEES WITHIN THEIR SCOPE OF EMPLOYMENT FOR THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION CAUSED A PERSONAL INJURY TO PLAINTIFF JEFFREY JOHNSON APPROXIMATELY CAUSED BY WRONGFUL CONSPIRE CONSPIRING WITH EACH OTHER TO DEPRIVE HIM OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES OF A BASIC HUMAN NEED, THE EQUAL PROTECTION OF THE LAWS, EQUAL PRIVILEGES, RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT VIOLATED THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THE DUE PROCESS CLAUSE TO THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, TEXAS CONSTITUTION ART 1 SECTIONS 3, 13, 19 AND TITLE 42 U.S.C.A. SECTION 1985(3)

## 4. ACTUAL NOTICE

4.1  PLAINTIFF JEFFREY JOHNSON GAVE ACTUAL NOTICE TO THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION PURSUANT TO SECTION 101.101 NOTICE OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE BY FILING THE STEP 1 AND STEP 2 GRIEVANCE # 2010217935

C. Has any court ever warned or notified you that sanctions could be imposed? *N/A* YES *N/A* NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): *NONE*

2. Case number: *NONE*

3. Approximate date warning were imposed: *NONE*

Executed on: *3-12-2011*
(Date)

*Jeffrey Johnson*
(Printed Name)

*Johnson Jeffrey*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this *3-12-2011* day of *MARCH*, 20 *11*.
(Day)                      (Month)                      (Year)

*Jeffrey Johnson*
(Printed Name)

*Johnson Jeffrey*
(Signature of Plaintiff)

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.

*26 OF 26*